IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CT-3193-FL

| | |
|---|---|
| TEVIN DAMATO FRIDAY, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| NURSE BRADLEY, | ) |
| Defendant.[1] | ) |

This matter is before the court on defendant's motions for summary judgment pursuant to Federal Rule of Civil Procedure 56 (DE 40) and to seal records filed in support thereof (DE 48). The motion for summary judgment was briefed fully and in this posture the issues raised are ripe for ruling.

## STATEMENT OF THE CASE

Plaintiff, a state inmate proceeding pro se, commenced this action by filing complaint June 21, 2022, asserting claims for violations of his civil rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges defendant was deliberately indifferent to his serious medical needs by dispensing penicillin to him despite his allergy to same, in violation of the Eighth Amendment to the United States Constitution. As relief, plaintiff seeks compensatory damages.

Following a period of discovery, and in accordance with the court's case management order, defendant filed the instant motion for summary judgment. Defendant argues that the

---

[1] The court constructively amends the case caption to reflect dismissal of plaintiff's claims against formerly named defendant warden Green.

undisputed evidence shows she was not responsible for dispensing penicillin to plaintiff, that she was not deliberately indifferent to his serous medical needs, and that she is entitled to qualified immunity. In support of the motion, defendant relies upon memorandum of law, statement of material facts, and appendix of exhibits thereto comprising the following: 1) declaration of counsel; 2) plaintiff's Department of Adult Corrections ("DAC") custody records; 3) excerpts of plaintiff's medical records; and 4) defendant's personal declaration. Plaintiff responded in opposition to the motion, relying on memorandum of law, opposing statement of facts, and the same medical records offered by defendant.

## STATEMENT OF FACTS

The undisputed facts may be summarized as follows. Following his arrest and criminal convictions, plaintiff was housed at the Roanoke River Correctional Institution ("Roanoke River"). (Defs' Stmt. (DE 42) ¶ 2). During the relevant time period, defendant worked as a healthcare technician at Roanoke River responsible for administering medications. (Id. ¶¶ 3–4).

In November 2021, a dentist prescribed penicillin to plaintiff in order to treat an infection in his mouth. (Id. ¶¶ 5–6; Medical Records (DE 43-4) at 3).[2] Plaintiff was prescribed this medication even though his medical records indicated he is allergic to penicillin. (See Medical Records (DE 43-4) at 6). Due to his allergy, plaintiff suffered from nausea and vomiting after taking the penicillin. (Id. at 17). Defendant, however, attests that she never dispensed any penicillin to plaintiff. (Def's Decl. (DE 43-5) ¶ 6). In any event, plaintiff obtained a prescription for a new antibiotic medication from another dentist, Dr. Brigette Wesley ("Wesley"). (Defs'

---

[2] Throughout this order, page numbers in citations to documents in the record are to the page number specified in the footer of the document supplied by the court's case management / electronic case filing (CM/ECF) system for the docket entry (DE) and not the page number, if any, showing on the face of the underlying document.

Stmt. (DE 42) ¶ 10). Wesley later performed a tooth extraction, removing two of plaintiff's teeth due to address his dental problems.

### DISCUSSION

A. Motion for Summary Judgment

    1. Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party must then "come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986).[3]

Only disputes between the parties over facts that might affect the outcome of the case properly preclude entry of summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party). "[A]t the summary judgment stage the [court's] function is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. In determining whether there is a genuine issue for trial, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in

---

[3] Throughout this order, internal citations and quotation marks are omitted from citations unless otherwise specified.

3

[non-movant's] favor." Id. at 255; see United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in [affidavits, attached exhibits, and depositions] must be viewed in the light most favorable to the party opposing the motion.").

Nevertheless, "permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to withdraw the case from the [factfinder] when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Lovelace v. Sherwin–Williams Co., 681 F.2d 230, 241 (4th Cir. 1982). Thus, judgment as a matter of law is warranted where "the verdict in favor of the non-moving party would necessarily be based on speculation and conjecture." Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir. 2005). By contrast, when "the evidence as a whole is susceptible of more than one reasonable inference, a [triable] issue is created," and judgment as a matter of law should be denied. Id. at 489–90.

2. Analysis

Plaintiff asserts two claims against defendant premised on the allegation that she dispensed penicillin to him despite his allergy to same. First, and primarily, plaintiff alleges that defendant was deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment. Second, plaintiff asserts that this same conduct amounted to medical malpractice or negligence under North Carolina law.

Under the Eight Amendment, prison officials' "deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment." Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014). The inmate must demonstrate both a serious medical need, and that

prison officials were deliberately indifferent to that need. Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). The first prong is objective – the prisoner must show that "the deprivation of [a] basic human need was objectively sufficiently serious." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993). In the medical context, a basic human need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko, 535 F.3d at 241.

The deliberate indifference standard requires "that a prison official know of and disregard the objectively serious condition, medical need, or risk of harm." Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995); see Farmer v. Brennan, 511 U.S. 825, 837 (1994). An inmate therefore must demonstrate the prison official's "actual subjective knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's action or inaction." Jackson, 775 F.3d at 178.

Here, plaintiff fails to show a genuine dispute of material fact for either the objective or subjective component of his Eighth Amendment claim. As to the objective standard, plaintiff alleges that he has an allergy to penicillin and the medical records indicate that he experiences nausea and vomiting when he takes the medication. (See Medical Records (DE 43-4) at 17). But plaintiff offers no further evidence describing these symptoms or otherwise attempt to show that the allergy is sufficiently serious under the Eighth Amendment. See Hammock v. Watts, 146 F.4th 349, 361 (4th Cir. 2025) (to establish Eighth Amendment violation, "a plaintiff must [show] serious medical deterioration attributable to the challenged conditions"); Jehovah v. Clarke, 798 F.3d 169, 181 (4th Cir. 2015) ("Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim."); see also Rivera v. Mathena, 795 F. App'x 169, 176–

77 (4th Cir. 2019) (conclusory allegations regarding skin rash failed to show sufficiently serious medical condition); Alexander v. Tippah Cty., Miss., 351 F.3d 626, 631 (5th Cir. 2003) (nausea and vomiting insufficient to establish objective component of Eighth Amendment claim).

But even assuming plaintiff established triable issue of fact on the objective component, he has not shown that defendant knew of and disregarded the risk of harm. See Jackson, 775 F.3d at 178. Defendant presents uncontradicted, sworn testimony that she did not dispense penicillin to plaintiff. (Def's Decl. (DE 43-5) ¶ 6). Although plaintiff disputes this assertion in his unsworn statement of facts, he does not provide sworn testimony or other competent evidence sufficient to withstand summary judgment on this issue. See Fed. R. Civ. P. 56(c)(1)(A); Celotex, 477 U.S. at 324.

Moreover, the fact that the allergy was documented in obscure portions of plaintiff's medical records does not establish that defendant was aware of the allergy. (See Medical Records (DE 43-4) at 6). And defendant did not have authority to refuse to dispense penicillin that was prescribed by the dentist, even assuming she was aware of the allergy. (Def's Decl. (DE 43-5) ¶ 4); see Iko, 535 F.3d at 242 (noting that when inmate is receiving care from medical professionals, non-medical staff may rely on the treatment plan developed by the doctors). Plaintiff therefore has not shown a triable issue of fact on the subjective component of the claim.

In his complaint, plaintiff also alleged that defendant failed to provide other medications prescribed to him by physicians at Central Prison. (DE 1 ¶ V). Defendants seek summary judgment on this claim as well, (DE 41 at 11), arguing that plaintiff cannot offer admissible evidence that defendant delayed or refused to administer these medications. (Def's Mem. (DE 41) at 11). Plaintiff fails to address this claim in his response, and he therefore has not satisfied

6

his burden on summary judgment for this claim either. Celotex, 477 U.S. at 324. Accordingly, defendant's motion is granted as to the Eighth Amendment claim.

Turning to the medical malpractice or negligence claim, plaintiff fails to offer any evidence suggesting defendant breached a standard of care or caused plaintiff's injuries for the same reasons noted above. Turner v. Duke Univ., 325 N.C. 152, 162 (1989) (stating standard for medical malpractice claim); Bridges v. Parrish, 366 N.C. 539, 541 (2013) (standard for common law negligence claim). As a result, the court grants the instant motion as to any state law claims.

B.  Motion to Seal

The court denies the motion to seal where the same records defendant seeks to seal were filed on the public docket by plaintiff. (Compare DE 43-4 with DE 47 at 5–37). And plaintiff did not join the request to seal these records.

## CONCLUSION

Based on the foregoing, defendant's motion for summary judgment (DE 40) is GRANTED, and the motion to seal (DE 48) is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 10th day of September, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge